### William R. Taylor v. Daniel French.

Although the mere fact that an endorser upon commercial paper holds security for his endorsement, furnishes no reason for dispensing with a demand upon the maker; yet his declaration to the holder, that the maker cannot pay, and that the latter has made an assignment, and has therein preferred him, will render a demand and notice of non-payment unnecessary.

It is settled in the state of New York, that a check on a bank, payable at a day subsequent to its date, is entitled to days of grace.

Review of a judgment in favor of the plaintiff against an endorser of a bank check. The opinion states the facts.

---

(a) See the case of *Duffy* v. *Thompson, ante,* p. 178.

*Abraham Underhill*, for the defendant.

*Daniel T. Walden*, for the plaintiff.

By the Court. Ingraham, First J.—This action was brought upon a check dated November 3d, 1854, payable to defendant, French, or bearer, on 8th October. It was protested on the 10th November. Upon the trial the plaintiff proved that the words written, 8th October, were intended to have been 8th November, and were so written by mistake.

An objection was taken at the trial to this evidence, but such objection is not now relied on.

The defendant first insists, that the check being payable at a future day, it was entitled to grace, and was not payable until the 11th November.

That such is the law in this state, is settled by authority binding upon us. The case of *Bowen and others* v. *Newell*, 4 Selden, 190, decides that a check on a bank, payable at a future day, is entitled to grace, and that when so made payable at a future day, it becomes an inland bill, and is governed by the rules applicable thereto.

The presentment of the check was made on the 10th November, and was therefore not sufficient to charge the endorser.

But it is contended by the respondent, that even conceding the demand to have been irregularly made, still the facts proven in this case are such as to dispense entirely with the demand, and that the endorser is notwithstanding liable.

Those facts are proven by the admission of the defendant, made to the witness on the 10th November, that the maker of the check could not pay it, that he had made an assignment, and had preferred him (the endorser) in the assignment. He also said, that the maker had secured him on the endorsement.

Mere security for the endorsement affords no reason for dispensing with the demand. On the contrary, it furnishes a stronger reason why the endorser, who holds security, should

be informed of the non-payment. Without notice thereof, he might suppose it to have been paid, and in consequence of such neglect have parted with his security. (*Spencer* v. *Harvey*, 17 Wend. 491.) But that case also holds, that when the endorser has an assignment of the maker's property, for the purpose of enabling him to pay the note, and has communicated to the holder of the paper that the maker is unable to pay it, and of his having security wherewith to meet the payment of the paper, in such case demand and notice are dispensed with. (See, also, *Mechanics' Bank* v. *Griswold*, 7 Wend. 167, and cases there cited.)

The object of the demand is to ascertain if the maker is able and willing to pay the note. The notice is to enable the endorser to take measures for his own indemnity. Where that has been done beforehand, and an assignment made to him of the debtor's property to receive this debt first, the demand and notice would both be an idle ceremony. In *Spencer* v. *Harvey*, it was also held, that notice from the endorser of the insolvency of the maker, and that the note would not be paid, was a waiver of demand and notice, and especially so where the endorser had an assignment of the debtor's property.

The facts proven in this case are sufficient to bring it within these decisions.

In this case, the defendant said to the holder of the check, before it was due, that the maker could not pay it, that he had made an assignment and had preferred him, the endorser. That he had made him secure on the check.

In the language of Chief Justice NELSON, " it would be an idle ceremony to give notice of non-payment by the maker, to a person who had just communicated" the insolvency of the maker, and the fact of his having made an assignment.

The holder was put off his guard by the endorser, and could not have deemed it necessary to demand payment and give notice to a person who knew the note would not be paid, and had so informed him.

Judgment affirmed.